# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

FILED

March 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9709-CC-00439** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HUMPHREYS COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ROBERT BURCH** |
| **PENNIE W. WATSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Driving on a Revoked** |
| | ) | **License)** |

FOR THE APPELLANT:

SHIPP R. WEEMS
District Public Defender

ROBERT H. STOVALL, JR.
Assistant Public Defender
P. O. Box 160
Charlotte, TN 37036

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

DAN ALSOBROOKS
District Attorney General

GEORGE C. SEXTON
Assistant District Attorney
Room 206
Humphreys County Courthouse
Waverly, TN 37185

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

This matter is an appeal of right by Appellant, Pennie Watson, from Division I of the Humphreys County Circuit Court. In April 1997, Appellant was convicted by a jury for driving on a revoked license. The trial court sentenced Appellant to six months in jail, suspended with two days to be served in confinement. In May 1997, Appellant's motion for a new trial was denied. In August 1997, Appellant filed a notice of appeal to this Court raising the issue of whether it was proper for the trial court to deny her request for a jury charge on the defense of necessity.

After our review of the record, we affirm the judgment of the trial court.

## FACTS

Appellant and a passenger, who is not identified in the record, were traveling on a public highway in September 1995 when Appellant was stopped by the police for an inoperative taillight.[1] Both Appellant and the passenger testified that the automobile was owned by the passenger, but driven by Appellant because the passenger was too ill to drive. At the time, Appellant's driving privileges had been revoked.

At the jury trial in April 1997, counsel for Appellant requested a jury charge on the defense of necessity. This request was denied by the trial court and Appellant was convicted for driving on a revoked license. Subsequently,

---

[1] Because the record on appeal does not contain the transcript of the evidence, we have referred to the trial court's Order Refusing Charge for the facts of the present case.

Appellant filed a motion for a new trial which was also denied by the trial court. Appellant now appeals to this Court raising the issue of whether it was proper for the trial court to deny her request for a jury charge on the defense of necessity.

## ANALYSIS

Rather than submitting the transcript of the evidence on appeal, Appellant relies on the one paragraph recitation of the facts in the trial court's Order Refusing Charge. On this record, we find the defense of necessity is not applicable to the present case. Initially, we agree with Appellant's contention that she has a constitutional right to a correct and complete charge of the law. State v. Teel, 793 S.W.2d 236,249 (Tenn. 1990). We also agree that it is important that the trial judge give a complete charge of the law applicable to the facts of the case. State v. Harbison, 704 S.W. 2d 314, 319 (Tenn. 1986). However, we do not agree with Appellant's argument that the facts in this case support a trial court instruction on the defense of necessity. The defense of necessity is available when:

> (1) the person reasonably believes the conduct is immediately necessary to avoid imminent harm; and
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct.

Tenn. Code Ann. §39-11-609.

Under this section, conduct which would ordinarily be criminal is justified if the accused reasonably believes that the conduct is necessary to avoid imminent harm. Put differently, the defense of necessity excuses criminal liability in those exceedingly rare situations where criminal activity is an objectively

reasonable response to an extreme situation. Tenn. Code Ann. §39-11-609 Sentencing Commission Comments. This Court has provided examples of exceedingly rare situations where a necessity defense is applicable, including a ship violating an embargo law to avoid a storm and a pharmacist providing medication without a prescription to alleviate someone's suffering during an emergency. State v. Davenport, 973 S.W.2d 283, 287 (Tenn. Crim. App. 1998) (citing 11 DAVID RAYBIN, TENNESSEE PRACTICE § 28.118 (1985 & Supp. 1997)). To be entitled to the defense of necessity, Appellant must show an immediately necessary action, justifiable because of an imminent threat, where the action is the only means to avoid the harm. State v. Green, 915 S.W.2d 827, 832 (Tenn. Crim. App. 1995). [2]

Appellant relies on the case of State v. Bobby Ray Jenkins, No. 03C01-9202-CR-00050, 1992 WL 227547, at *2 (Tenn. Crim. App., Knoxville, Sept. 18, 1992) wherein this Court held it was reversible error for the trial judge not to charge necessity to the jury. In Jenkins, the defendant was arrested after a police officer found him intoxicated, without a drivers license, and in the drivers seat of a running vehicle. At trial, defendant presented proof that the car's transmission had malfunctioned, and his friend, who had actually been driving, had left the scene to get help. It was further shown that the defendant had to keep his foot on the brake pedal to prevent the car from rolling down hill and needed the engine running to operate the power brake systems. Id. at *2.

In contrast to Jenkins, the meager record in this case does not demonstrate an imminent threat requiring immediate action on the part of the

_____

[2] T.P.I. 40.05----Crim. (4th Ed.)

Appellant. We only know that when stopped Appellant's passenger was ill as a result of the early stages of pregnancy, and therefore unable to drive. There is no showing that there was an imminent threat to the passenger's life or health if Appellant did not drive. Indeed, there is nothing in the record showing that the illness was severe enough to constitute an emergency, that the passenger was being transported for medical treatment, or that other alternatives to Appellant driving were unavailable. In short, Appellant has failed to demonstrate in this record that her actions were the only means of avoiding an imminent threat to her passenger's health and safety. Under these circumstances we cannot say it was error for the trial judge to deny a request for a jury instruction on the defense of necessity.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOHN H. PEAY, JUDGE